**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 1 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SUKHMINDER SINGH,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-71141

Agency No. A099-474-242

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 30, 2020[**]
Seattle, Washington

Before:  McKEOWN, N.R. SMITH, and NGUYEN, Circuit Judges.

Petitioner Sukhminder Singh, a native and citizen of India, petitions for

review of a decision by the Board of Immigration Appeals ("BIA") affirming the

denial by an immigration judge ("IJ") of his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  Singh

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

sought immigration relief based on his alleged persecution in India for his affiliation with the Shiromani Akali Dal Amritsar ("SADA" or "Mann") Party. In this petition, Singh contests the adverse credibility determination that underlies the rejection of his claims for relief. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

The IJ found Singh's testimony not credible based on a series of inconsistencies between his oral testimony, his written submissions, and his credible fear interview. The IJ cited inconsistencies as to Singh's membership in the SADA Party; his degree of involvement with the SADA Party, including the nature and regularity of his party activities; his knowledge of the principles and goals of the SADA Party; the timing and number of threats he received; and the way he identified his attackers as members of the rival Congress Party. When the IJ confronted Singh about these inconsistencies, the IJ found Singh's explanations unsatisfactory and the inconsistencies "unresolved."

The BIA affirmed the IJ's decision, explaining that the record substantiated the IJ's findings of material inconsistencies in Singh's narrative. The BIA added that the IJ "was not required to accept [Singh's] bare assertions that he simply made mistakes, or that he simply 'didn't know what to say, what to do' at his interview, as sufficient to reconcile the discrepancies in the record and establish his credibility." The BIA noted that the cited inconsistencies as to the timing and

2

number of threats Singh received were "arguably minor," but the adverse credibility determination "was nevertheless supported by other permissible considerations that . . . are supported by the record and are not clearly erroneous."

Substantial evidence supports the adverse credibility finding. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). For example, although Singh testified at his merits hearing that he was a member of the SADA Party, he previously stated he was "a low-level worker of the party" and not a member. Singh also testified inconsistently about the nature and intensity of his involvement with the SADA Party. In his credible fear interview, Singh said that he hung posters for the party and attended rallies "[o]nce or twice," but did not participate in other party activities. Yet at his merits hearing, Singh testified that he engaged in a broader array of party activities including "participat[ing] in the party rallies," "participat[ing] in the party pleading sessions," "help[ing] arrange speeches for the party," "[p]reaching for the party," "hanging up posters," "decorating stages for the party leaders," and "during events, serv[ing] water [and] food to the participant[s] during the gatherings." Singh's testimony similarly varied as to his understanding and characterization of the goals of the SADA Party. Whereas some of the inconsistencies cited by the IJ could be considered trivial, others (including those referenced here) were more pronounced and went to the heart of Singh's claims for relief. And when the IJ confronted him, Singh failed to provide a

substantive justification for the disparities in his testimony.

Although Singh now offers plausible alternative explanations for the inconsistencies in his testimony, the record does not compel acceptance of his account. A reasonable adjudicator could conclude that Singh's inconsistencies across time, coupled with his insistence that each inconsistency with which he was confronted arose from his "mistake" and nothing more, evinced fabrication or, at minimum, unreliable narration. Under such circumstances, we will not disturb the administrative findings of fact. *See* 8 U.S.C. § 1252(b)(4)(B) (providing that "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011) ("To reverse [an adverse credibility] finding we must find that the evidence not only *supports* a contrary conclusion, but *compels* it." (brackets omitted) (quoting *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n.1 (1992))). Absent credible testimony, Singh is unable to sustain his burden to demonstrate entitlement to asylum, withholding of removal, or CAT protection.

**PETITION DENIED.**